## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| JON B. HARDEN<br><br>        PLAINTIFF,<br><br>vs.<br><br>CLEARWATER KEY<br>CLEARWATER KEY<br>ASSOCIATION-SOUTH BEACH-<br>1480 GULF BLVD., INC.;<br>DAVID HINDERLITER;<br>GWYNDA L. PATTERSON;<br>MARGARET B. ALONSO;<br>DANIAL G. LEWIS;<br>CHESTER J. SHEMANSKI;<br>LEONARD CRUZADO;<br>LAWRENCE G. MAWN;<br>VERNON LEE BURTON;<br>LESLIE D. BURTON;<br>FIRSTSERVICE RESIDENTIAL<br>FLORIDA, INC.;<br>RABIN PARKER GURLEY, P.A.;<br>ADAM CHRISTOPHER GURLEY;<br>JOHN DAVIS KIMBROUGH III;<br>COLE, SCOTT & KISSANE, P.A.;<br>SCOTT H. JACKMAN,<br>and DOES 1 through 30, inclusive,<br><br>        DEFENDANTS. | **Case Number**: _____<br><br><br><br>**COMPLAINT FOR DAMAGES;**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT FOR DAMAGES; DEMAND FOR TRIAL BY JURY

- 1 -

1.      Plaintiff JON B. HARDEN (hereinafter "Plaintiff") bringing this action for damages and injunctive relief against Defendants, and each of them, for engaging in acts prohibited under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601 et. sec. (hereinafter "FHA").

2.       Based upon the relevant facts to be set forth herein, Plaintiff JON B. HARDEN alleges Defendants, and each of them,  engaged in acts of discrimination against him on the basis of race his race in violation of 42 U.S.C. §3604(b) of the FHA.

3.      Based upon the relevant facts to be set forth herein, Plaintiff JON B. HARDEN further alleges Defendants, and each of them,  engaged in acts of discrimination by implementing means of  interference, coercion and intimidation prohibit Plaintiff's full exercise and enjoyment of his rights granted and protected under 42 U.S.C. §3617 of the FHA.

4.      Based upon the relevant facts to be set forth herein, Plaintiff JON B. HARDEN further alleges Defendants, and each of them,  engaged in retaliation when Plaintiff resisted and ultimately, reported, their discriminatory practices, procedures and policies prohibited under 42 U.S.C. §3604(b) of the FHA.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

5.      Based upon the relevant facts to be set forth herein, Plaintiff JON B. HARDEN further alleges Defendants, and each of them, engaged in a pattern or practice resisting the Plaintiff's full enjoyment of his rights granted and protected under the FHA

## PROCEDURAL POSTURE

Plaintiff has filed a complaint with The United States Department of Housing and Urban Development (hereinafter "HUD") and HUD is commencing investigation of Plaintiff's complaint. Private right to initiate private civil actions do not require exhaustion of administrative remedies and an immediate private action may be filed by the plaintiff at any time pursuant to 42 U.S.C. § 3613 (a)(1)(A) and plaintiff may request appointment of counsel by the Court pursuant to 42 U.S.C. § 3613 (b). HUD may be asked to intervene on behalf of the plaintiff and of the United States pursuant to *Federal Rules of Civil Procedure* (hereinafter "FRCP") Rule 25 *et sec* and 42 U.S.C. § 3612(a).

## JURISDICTION AND VENUE

1. This Court has jurisdiction over "federal questions" raised in this civil action alleging violation the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1345; 42 U.S.C. § 3613 (a)(1)(A) and 42 U.S.C. § 3612 (0).

- 3 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

2. Plaintiff's claims for injunctive relief, actual and punitive damages are authorized pursuant 42 U.S.C. § 3613(c)(l).

3. Plaintiff's claims for attorney fees and costs are authorized pursuant 42 U.S.C. § 3613(c)(l).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 3612(0).

/

## PARTIES

5.    Plaintiff JON B. HARDEN is a fifty one (51) year old African American man. At all relevant times related to the claims set forth herein Plaintiff resided in the State of Florida and within the judicial district in which this claim is brought.

6.    At all relevant times, defendant CLEARWATER KEY ASSOCIATION-SOUTH BEACH-1480 GULF BLVD., INC., (hereinafter "SBIV") was a corporation doing business and employing individuals in the County of Pinellas, State of Florida, and within the judicial district in which this claim is brought. Said defendant is a Condo Association selling & renting dwelling units and are subject to the provisions of the FHA pursuant to 42 U.S.C. §§ 3601 – 3602, inclusive.

7.    At all relevant times, defendant CLEARWATER KEY ASSOCIATION-SOUTH BEACH-1480 GULF BLVD., INC., (hereinafter "SBIV") was a

---

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

corporation doing business and employing individuals in the County of Pinellas, State of Florida, and within the judicial district in which this claim is brought. Said defendant is a Condo Association selling & renting dwelling units and are subject to the provisions of the FHA pursuant to 42 U.S.C. §§ 3601 – 3602, inclusive.

8.    At all relevant times, defendants DAVID HINDERLITER; GWYNDA L. PATTERSON; MARGARET B. ALONSO; MARIO ALONSO; DANIAL G. LEWIS; CHESTER J. SHEMANSKI; LEONARD CRUZADO; LAWRENCE G. MAWN; VERNON LEE BURTON; LESLIE D. BURTON; ADAM CHRISTOPHER GURLEY; JOHN DAVIS KIMBROUGH III; SCOTT H. JACKMAN, and each of them, were residing in the County of Pinellas, State of Florida, and committed all acts as alleged herein within the judicial district in which this claim is brought.

9.    At all relevant times, defendant CLEARWATER KEY ASSOCIATION-SOUTH BEACH-1480 GULF BLVD., INC., (hereinafter "SBIV") was a corporation doing business and employing individuals in the County of Pinellas, State of Florida, and within the judicial district in which this claim is brought. Said defendant is a Condo Association selling & renting dwelling units and are subject to the provisions of the FHA pursuant to 42 U.S.C. §§ 3601 – 3602, inclusive.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

10.   At all relevant times, defendant FIRSTSERVICE RESIDENTIAL FLORIDA, INC., (hereinafter "FSR") was a corporation doing business and employing individuals in the County of Pinellas, State of Florida, and within the judicial district in which this claim is brought. Said defendant is a Condo Association selling & renting dwelling units and are subject to the provisions of the FHA pursuant to 42 U.S.C. §§ 3601 – 3602, inclusive.

11.   At all relevant times, defendant RABIN PARKER GURLEY, P.A., (hereinafter "RPG") was a corporation doing business and employing individuals in the County of Pinellas, State of Florida, and within the judicial district in which this claim is brought. Said defendant is a Condo Association selling & renting dwelling units and are subject to the provisions of the FHA pursuant to 42 U.S.C. §§ 3601 – 3602, inclusive.

12.   At all relevant times, defendant COLE, SCOTT & KISSANE, P.A., (hereinafter "CS&K") was a corporation doing business and employing individuals in the County of Pinellas, State of Florida, and within the judicial district in which this claim is brought. Said defendant is a Condo Association selling & renting dwelling units and are subject to the provisions of the FHA pursuant to 42 U.S.C. §§ 3601 – 3602, inclusive.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

13.   The true names and capacities of Defendants, DOES 1 through 50, inclusive, whether individual, corporate, associate or otherwise, are unknown to plaintiff at the time of filing this Complaint and plaintiff, therefore, sues said defendants by such fictitious names and will ask leave of Court to amend this Complaint to show their true names or capacities when the same have been ascertained.  Plaintiff is informed and believes, and based thereon alleges, that each of the DOE defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to plaintiff as herein alleged.

14.   Whenever in this Complaint reference is made to any act of defendants, such allegations shall be deemed to mean that all named defendants and DOES 1 through 50, or their officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants, did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of defendants and while acting within the course and scope of their duties, except where alleged to the contrary.

## FACTS COMMON TO ALL CAUSES OF ACTION

15.   Plaintiff Jon Harden (hereinafter "Plaintiff" or "Complainant") is an African American male fifty nine (59) years in age.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

16.   At all relevant times herein, all human Defendant are Caucasian.

17.   Harden was being racially harassed by a neighboring Caucasian resident. Harden complained to SBIV management, who did nothing to remedy the matter. As a result, Appellant continued to be racially harassed. Harden then filed a federal and state complaint with HUD (U.S. Dept. of Housing and Urban Development) against SBIV, FSR and RPG citing violations of federal and state Fair Housing laws.

18.   As well, Harden hung a sign (banner) on his balcony that reads "Warning, Lawsuits Against the Association and White Racists Here" since all other owners were allowed to do the same.

19.   All other owners were allowed to hang or post signs, "notices", decorations and have plants and storage enclosures or storage space located on their entryway into their unit and on their balcony and as well.

20.   In retaliation, SBIV, FSR and RPG collated and filed this case in this Court seeking a temporary injunction ordering Harden to remove banner.

21.   SBIV/RPG sent Harden a Notice of Hearing on their Petition for Temporary Injunction against him.

22.   The evidentiary hearing was to be conducted electronically via a Zoom meeting.  Contained in SBIV's/RPG's Notice of Hearing was a Zoom meeting link

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

that would connect Harden to the meeting so he could participate in the evidentiary hearing.

23.   However, SBIV/RPG doctored the Zoom link, so that it looked facially valid, but SBIV/RPG programmed the Zoom link so that when Harden clicked on it, the link sent him to a non-existent Zoom meeting location.

24.   As a result, the Harden, and only Harden, missed the hearing, meaning, SBIV/RPG did in fact have, and used, the correct Zoom meeting link but provided Harden with a doctored/incorrect link so he that he could not attend and participate in the evidentiary hearing.

25.   This action regards an extensive and ongoing  dispute existing and lasting for over 7 years between the plaintiff, whom is a condominium association, and Harden who is the only African American unit owner, resident and member of the association.

26.   Plaintiff filed this sordid, racist and retaliatory lawsuit alleging the Harden is "posting signs" on the association's common elements and is a "nuisance" by way of committing various alleged acts – yet plaintiff has not submitted any admissible evidence whatsoever in support their disingenuous allegation and lawsuit – particularly as to Harden being "nuisance." Plaintiff is seeking temporarily and permanent injunctive relief to ban Harden from "posting any…banners or anything

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

on the common 'elements' without association approval" pursuant to "Article XVIII section 3" of the governing condo documents.

27.   However, all Caucasian residents are allowed to do the exact same thing Harden is accused of doing, and many have for years, without suffering any adverse actions or having lawsuits filed against them. It is only Harden ... the sole black man living on the property that they are seeking to selectively enforces, ban and compel to "follow the rules" set for in the governing condo documents and has maliciously sued Harden twice trying to do so.

28.   Caucasians are allowed to perform an act but black are not allowed to perform the exact same act to compel or run Harden, the only black resident living on the property, out of the proverbial "white only" neighborhoods via constant racist harassment – as has history and present day has consistently shown to be true?  Any learned person knows to judge others not by what they say, but by what they do.

29.   Now, herein comes this plaintiff, for a second time, to grossly and outrageously petition this Court to subscribe to and join them in their racist hatred and acts by selectively enforcing the FL Condo Act, "governing condo articles" and "rules" against blacks only – but of course, simply ignore all white folk that are doing the exact same thing and the black man.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

30.  This report is filed against South Beach IV condo association located at 1480 Gulf Blvd., Clearwater Beach, FL 33767 (hereinafter "SBIV") and particularly their management company First Service Residential Inc. (hereinafter "First Service") and their lawyers Rabin, Parker, Gurley P.A. (hereinafter "RPG Law Firm.")

31.  Plaintiff is the owner of Unit 905 at SBIV since June 2015. This is the second time I've found it necessary to report SBIV to your offices. The first PCOHR & HUD case numbers in 2016 were PC-16-034 and HUD 04-16-4279-8 concluded in conciliation and the agreement was subsequently beached (in part) by SBIV. Once again, I am essentially having comparable types of racial bias and discriminatory conduct exercised against me as in the first case.  SBIV and its cohorts have now clearly established a very extensive pattern and practice of taking discriminatory action against me, and only me, warranting serious investigation and prosecution.

32.  I am the only African American person in this building since moving in June 2015. Apparently, I am also the only African American residing in the entire Sand Key Beach area according to my observations over 7 years. This area is essentially 100% white (with small variances of course) and referred to by some as the "Beverly Hills" area of Clearwater.

**FACTS REGARDING DEFENDANTS RETALIATION**

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

33.   After plaintiff made his requests for disclosure, and made complaints about other association members harassing him, and made complaint to association management that association conduct ran afoul of the ADA and FHA, plaintiff began to become subjected to retaliation by the Condo Association.

34.   After plaintiff complained, he was put into "collection" and reported to an "attorney" by association management, defendant RON VASSALLO, for collection for money plaintiff did not at any time owe.

35.   After plaintiff complained, plaintiff was threatened by agents of the Condo Association that liens would be placed upon his property effecting plaintiff's ownership interests.

36.   After plaintiff complained, he was intentionally mislead by association management, defendant RON VASSALLO, that his complaints had been "referred to their attorney" to handle, but such action never actually occurred. Defendants, and each of them, refused to identify the name of association counsel/lawyers handling the matter upon plaintiff's request.

37.   After plaintiff complained, he was intentionally mislead by association management, defendant RON VASSALLO, that the Condo Association is not subject to Federal Law, that only Florida Condo Law applied (hence all of plaintiff's

complaints were invalid) and Plaintiff's "wild assertions" would not be dealt with because of plaintiff's attitude/form of communication.

38.  After plaintiff complained, plaintiff was defamed by association board member, defendant MIKE VIETRI whom called the defendant a "crazy with a temper" who was putting everyone "in fear for their own safety" to avoid dealing with the plaintiff's complaints and instead have him arrested based on false reports to police. Defendant MIKE VIETRI has never met the plaintiff and has no personal knowledge of plaintiff's character, sanity or temperament.

39.  The Condo Association, via solicitation by defendant MIKE VIETRI, conspired to have plaintiff arrested by fabricating a story that when plaintiff came to the office to complain that the association should "*call the police ahead of time and tell them you have a crazy with a temper that may go ballistic on you or your staff this Morning and you concerned for their safety as well as anyone around.*"

40.  The Condo Association, via defendant MIKE VIETRI, excluded plaintiff from a condo owner/boarding meeting when defendant MIKE VIETRI irately stated, at shouting level, "this meeting is over as to you!" when plaintiff inquired to association counsel's, who are taking questions, "what if a person is unable to comply with a rule because of a disability?" Counsel of the association refused to answer the question or identify herself upon plaintiff's request. Plaintiff finally

- 13 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

learned her identity to be Ellen Hirsch de Haan, of Wetherington Hamilton Law, by looking at the association meeting notice posted on the community bulletin board.

41.   After plaintiff complained, the association began to blame the victim (plaintiff) by claiming the association to be the victim of aggression by the plaintiff. This is evident in an email that was sent out by the Condo Association management stating "For example, when a resident reminds another resident about rule violations when it concerns pets there have been angry outbursts in response." This has resulted in comments from residents to the management offices, which were made in plaintiff's presence, such as "have you had anyone arrested yet?"

42.   Plaintiff is informed, believes and thereupon alleges, the Condo Association conspired to have plaintiff arrested by sending an email to all association members informing that it is acceptable to confront other residents regarding alleged "rule" violation and "If any resident believes that they are being harassed or accosted by another resident or a resident is verbally or physically aggressive with another resident, then the resident who is subjected to the confrontational encounter should call the police and immediately file a report."

43.   The aforementioned email informing residents that it was okay to confront other residents about rule violation expressly violates written association rules

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

requiring reports about "repeated rule violations" to be made only to the security and the resident ***should not*** confront the alleged rule violator.

44.   After plaintiff complained, plaintiff was contacted by a prior 15 year board member, who has personal knowledge of the other board members, management and residents, who promised plaintiff that his stay on the property would be a "exhaustive" one by claiming that since plaintiff complained on unlawful conduct, that: "*This is no way to guarantee that you have a quiet and peaceful life at SBIV. You will win nothing except the enmity of your neighbors, and with 134 neighbors that could prove quite exhausting for you.*"

45.   Plaintiff remains in fear for his own personal safety, the safety of his dog, being subjected to further harassment, false claims, defamatory comments and false reports of crime/assaults alleged to have been committed by plaintiff in order to procure his arrest.

46.   After plaintiff complained, the Condo Association has done nothing but set out to make the plaintiff's life a "living hell" and they have accomplished that task. So much so, plaintiff has had to seek medical attention to address his stress, fear and depression regarding his property, his disability status and the acts of defendants, and each of them.

47.    Plaintiff has been placed on medication as a result of defendant's conduct. As such, plaintiff has sustained economic losses for medical bills and medications.

48.    Plaintiff has been forced to take leave from his employment as a result of defendants, and each of them, conduct. As such, plaintiff has suffered lost income/wages as a result of defendants conduct.

49.    Plaintiff hates being on the property, coming or going to the property as he feels he might have to engage in "combat" with other residents because of the plaintiff's complaints, disability status and because of his dog. The Condo Association has, by their conduct, constructively evicted the plaintiff from the property he just purchased at a very substantial price.

50.    Plaintiff is informed, believes and thereupon alleges that at least two other residents on the property, who are Caucasian, do not carry their pets and are not subjected to enforcement action by the Condo Association or the retaliatory and abusive conduct of Association members.

51.    Furthermore, Caucasian residents not carrying there pet where not retaliated against for claiming disability or age prevented them from carrying their pets. Therefore, plaintiff was targeted by the Condo Association because of his race.

52.    Defendants, and each of them have engaged in coercing, intimidating, threatening and/or interfering with the plaintiff in the exercise or enjoyment of, or

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

## COUNT I
### VIOLATION OF THE FAIR HOUSING ACT – RACE DISCRIMINATION
**(**42 U.S.C. §§ 3604 *et sec.,* 3604(a)(b))
**(Against All Defendants)**

53.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 52, inclusive, as though set forth fully herein.

54.   Defendants, and each of them, discriminated against plaintiff, a African – American person, in the terms, conditions, or privileges of ownership of a dwelling because of his race, in violation of 42 U. S.C. § 3604(a)(b).

55.   Defendants, and each of them, enforced rules against plaintiff which they did not enforce against Caucasians engaging in the same or similar conduct as plaintiff's in violation of 42 U.S.C. § 3604(a)(b).

56.   Defendants, and each of them, have defamed, harassed, conspired against, threatened plaintiff with arrest, falsely imprisoned plaintiff, banned plaintiff from the common areas with his dog, interfered with plaintiff's quite use and enjoyment of his property, his property interest and have constructively evicted plaintiff from the property in retaliation for his exercise of his right to complaint and/or report perceived violations of the Fair Housing Act, in violation of 42 U.S.C. § 3617.

- 17 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

57.    Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i) and has suffered injuries as a result of Defendants' actions.

58.    Defendants, and each of them, were the actual and proximate cause of plaintiff's injuries.

59.    Defendants' discriminatory actions were intentional, willful, and taken in disregard of the rights of plaintiff.

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants, and each of them, as follows:

1.    Declare that defendants' discriminatory housing practices as set forth above violate the Fair Housing Act;

2.    For an injunction enjoining and restrain defendants, their officers, employees, agents, successors, and all other persons or corporations in active concert or participation with defendants, from:

   a.    Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability, in violation of 42 U.S.C. § 3604(f)(2);

- 18 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

b. Discriminating in the sale or rental, or otherwise making unavailable or denying, a dwelling to any buyer or renter because of disability, in violation of 42 U.S.C. § 3604(f)(l );

c. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability equal opportunity to use and enjoy a dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B);

d. Discriminating against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of race, in violation of 42 U.S.C. § 3604(a)(b);

e. Coercing, intimidating, threatening or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any right granted or protected by the Fair Housing Act, in violation of 42 U.S.C. § 3617.

f. Retaliating against other persons who object to their perceived unlawful housing practices.

- 19 -

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

g.  Requiring defendants to modify their policy so that it does not disparately impact African-Americans and other individuals of African origin or any other protectable classes of race or national origin and;

h.  Requiring defendants to obtain training and education for unlawful housing discrimination practices under Federal and Florida law – particularly in the areas of disability and racial discrimination.

3.  Award monetary damages to plaintiff pursuant to 42 U.S.C. §§ 3612(0)(3) and 3613(c)(l);

4.  Order defendants to take such actions as may be necessary to prevent the recurrence of any discriminatory conduct in the future and to eliminate, to the extent practicable, the effects of their unlawful conduct, including implementing policies and procedures to ensure that no applicants or residents are discriminated against because of disability or race.

5.  For past and future lost income and benefits to the extent such damages are recoverable by law in the above-entitled causes of action;

6.  For emotional distress damages to the extent such damages are recoverable by law in the above-entitled causes of action;

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

7.  For all other special and general compensatory damages according to proof;

8.  For punitive damages to the extent such damages are recoverable by law in the above-entitled causes of action;

9.  For attorney's fees;

10. For prejudgment and post-judgment interest as available by law; and

11. For all such other and further relief as this Court may deem just and proper.

DATED: December 29, 2023                    Respectfully submitted,

                                            JON HARDEN


                                            _____/s/ Jon Harden_____
                                            JON HARDEN, Plaintiff, Pro se

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL